UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

RONALD ANTHONY McCLURE, JR.,

        Defendant.
_____/

NO. CR. 08-100 WBS
NO. CR. 08-270 WBS

MEMORANDUM AND ORDER RE:
MOTION TO PRECLUDE EX PARTE
RULE 17(c) SUBPOENAS

----oo0oo----

I.   Factual and Procedural Background

     Defendant Ronald Anthony McClure, Jr., is charged in two indictments with violations of 18 U.S.C. § 922(g) (felon in possession of a firearm and ammunition), id. § 1201(a)(1) (kidnaping), id. § 1513(b)(2) (retaliating against a witness), and id. § 15191(a)(1) (sex trafficking of children by force, fraud, or coercion). Plaintiff United States of America ("Government") now moves to preclude defendant from obtaining any ex parte early return subpoenas issued under Federal Rule of Criminal Procedure 17(c).

1

II. Discussion

Federal Rule of Criminal Procedure 17(c) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

In order to obtain a Rule 17(c) subpoena before trial, the proponent must make a showing that the evidence sought is relevant, admissible, and specific. United States v. Nixon, 418 U.S. 683, 700 (1974). In addition, even if the proponent makes this showing, a court must also consider "whether the materials are 'otherwise procurable reasonably in advance of trial by exercise of due diligence,' whether the proponent can 'properly prepare for trial without such production and inspection in advance of trial,' and whether 'the failure to obtain such inspection may tend unreasonably to delay the trial.'" United States v. Reyes, 239 F.R.D. 591, 598 (N.D. Cal. 2006) (quoting Nixon, 418 U.S. at 699, 702); see United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981).

The Government points out that "there appears to be a trend started by defense counsel in child sex trafficking cases to seek, ex parte, the early return of Rule 17(c) subpoenas." (Mot. Preclude 2.) These subpoenas typically request records held by juvenile courts and Child Protective Services that pertain to certain government witnesses. (Id.) The Government contends that these subpoenas often fail to meet the requirements of Nixon and, more generally, are unwarranted intrusions into the

2

private and confidential files of minors. (See id. at 2, 6-10, 27.) Furthermore, because defendants often obtain these subpoenas ex parte, the Government has been unable to oppose their issuance in an adversarial setting. (Id. at 2-3, 27-28.)[1]

Following Judge Karlton's opinion in United States v. Tomison, the judges in this district have generally permitted Rule 17(c) subpoenas to be obtained ex parte when a party "makes a showing of the need for confidentiality." 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997); see United States v. Wells, No. 04-69, 2005 WL 3822883, at *3 (E.D. Cal. Dec. 20, 2005) (England, J.). The judges in the Northern District of California appear to follow a similar practice. See United States v. Johnson, No. 94-48, 2008 WL 62281, at *2 (N.D. Cal. Jan. 4, 2008); N.D. Cal. Local R. Crim. P. 17-2(a)(1) ("[A] Rule 17(c) subpoena may be

---

[1] Defendant argues that the issues presented in the Government's motion are not ripe for review and that the court should wait until defendant actually files an ex parte application for a Rule 17(c) subpoena. (Opp'n 18.) Both the Government and defendant, however, indicate that ex parte subpoenas duces tecum are prevalent in sex trafficking cases (Mot. Preclude 6-11; Opp'n 14-18), and the Government has provided persuasive evidence that defendant is likely to avail this procedure in the instant case (Mot. Preclude Ex. 15). Cf. Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958-59 (8th Cir. 2001) ("To be ripe for decision, the harm asserted must have matured enough to warrant judicial intervention. The plaintiffs need not wait until the threatened injury occurs . . . ." (citation and internal quotation marks omitted)). In addition, the Government's motion argues that ex parte applications for Rule 17(c) subpoenas are not permitted under any circumstance (see Mot. Preclude 1-3); thus, waiting for defendant to file an application for a Rule 17(c) subpoena would in no way enhance "the fitness of the issues for judicial decision." Truth v. Kent Sch. Dist., 542 F.3d 634, 643 (9th Cir. 2008). Finally, it is unclear how the Government could raise its challenge upon defendant's filing of an ex parte application, since by definition the Government would have no notice of this event. Accordingly, the court will proceed to address the Government's motion.

3

obtained by filing either a noticed motion . . . or, for good cause, an <u>ex parte</u> motion without advance notice to the opposing party.").

In <u>United States v. Sanchez</u>, No. 05-443, slip. op. at 2 (E.D. Cal. Jan. 22, 2007) the undersigned judge expressed agreement with the holding of <u>Tomison</u>, i.e., that requests for subpoenas under Rule 17(c) are generally considered <u>ex parte</u>, while rejecting any notion suggested in <u>Tomison</u> that Rule 17(c) may be properly used as a discovery device. As stated in this court's previous order in <u>Sanchez</u>,

> Rule 17(c) was designed as a method of compelling witnesses with relevant and admissible documentary evidence to bring those documents to the trial or hearing at which they will be offered in evidence. The fact that the rule goes on to permit the court to direct the witnesses to produce the designated items in court before they are actually to be offered into evidence was not meant to convert Rule 17(c) into a discovery device. The discovery tools available to defendants in criminal cases are limited, and are to be found elsewhere in the Federal Rules of Criminal Procedure, not in Rule 17.

<u>United States v. Sanchez</u>, No. 05-443, slip. op. at 3 (E.D. Cal. Jan. 9, 2007).

The Government suggests that <u>Tomison</u> and <u>Sanchez</u> need to be re-examined in light of recent amendments to Rule 17(c). Specifically, effective December 1, 2008, the following provision was added to Rule 17(c):

> [A] subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

4

Fed. R. Crim. P. 17(c)(3).[2]

Thus, where the subpoena requires the production of personal or confidential information about a victim, Rule 17(c)(3) now requires that the court find "exceptional circumstances" before allowing the subpoena to be served without giving prior notice to the victim. This does not mean that Rule 17(c) subpoenas may no longer be obtained <u>ex parte</u>. It does mean, however, that in addition to the <u>Nixon</u> requirement that the evidence sought be relevant, admissible, and specific, where personal or confidential information about a victim is sought, "exceptional circumstances" must be shown to exist before the court may grant an <u>ex parte</u> request for a subpoena under Rule 17(c).

The Advisory Committee's Notes to this provision provide that "[s]uch exceptional circumstances would include . . . a situation where the defense would be unfairly prejudiced by premature disclosure of a sensitive defense strategy." Fed. R. Crim. P. 17(c)(3) advisory committee's notes (2008 Amendment). The Notes then "leave to the judgment of the court" as to "whether such exceptional circumstances exist to be decided <u>ex parte</u> and authorize service of the third-party subpoena <u>without notice to anyone</u>." <u>Id.</u> (emphasis added).

---

[2] Rule 17(c)(3) was added following enactment of the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, which President Bush signed into law on October 30, 2004. The CVRA makes crime victims "independent participants in the criminal justice process" and gives them "eight different rights" that the victims or the Government may enforce. <u>Kenna v. U.S. Dist. Court</u>, 435 F.3d 1011, 1013 (9th Cir. 2006) (citing 18 U.S.C. § 3771(a), (d)(1); <u>United States v. McVeigh</u>, 106 F.3d 325, 335 (10th Cir. 1997) (per curiam)).

The Government argues that applications for Rule 17(c) subpoenas cannot be issued ex parte in this case because "there is no legal structure in place to prevent or deter overreaching," and thus any application should be "subject to adversar[ial] testing." (Id. at 27:21-23, 2:28-3:1.) Tomison and several other cases considered this argument and rejected it. See Tomison, 969 F. Supp. at 594 ("[T]here is no reason to suppose that the government's participation is required to ensure that the court performs its duty in determining that the requisites for issuing the subpoena have been demonstrated."); United States v. Beckford, 964 F. Supp. 1010, 1028 (E.D. Va. 1997) ("The Government's concern that an ex parte procedure will cause subpoenas duces tecum to be issued without a showing of relevance, admissibility, and specificity is unfounded." (citing United States v. Reyes, 162 F.R.D. 468, 471 (S.D.N.Y. 1995)); United States v. Jenkins, 895 F. Supp. 1389, 1393-94 (D. Haw. 1995) ("Reviewing applications for subpoenas duces tecum, a court needs no assistance in applying the Nixon standard."); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) ("The burden is on the court to see that the subpoena is good in its entirety and it is not upon the person who faces punishment to cull the good from the bad."); United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981) (providing that determinations of relevance, admissibility, and specificity "are of course committed to the sound discretion of the trial court").

Although these authorities run counter to the Government's position, recent experience appears to justify the Government's concerns. Specifically, the Government has provided

several Rule 17(c) subpoenas issued in this district that seem to fall short of <u>Nixon</u>'s requirements. (<u>See</u> Mot. Preclude Exs. 6-7 (requiring a custodian of juvenile records to produce "certified copies of any and all information" pertaining to a victim in a child sex trafficking case); <u>id.</u> Ex. 14 (requiring a custodian of records at Child Protective Services to produce "[a]ll documents pertaining to referrals" in a family court file, "including but not limited to . . . referral reports, 'screener narratives,' and investigative reports").)

As the Supreme Court and Ninth Circuit have long instructed, "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." <u>Bowman</u>, 341 U.S. at 220; <u>see</u> <u>United States v. MacKey</u>, 647 F.2d 898, 901 (9th Cir. 1981) ("[A] Rule 17(c) subpoena is not intended to serve as a discovery tool . . . or to allow a blind fishing expedition seeking unknown evidence." (citing <u>Bowman</u>, 341 U.S. at 220; <u>United States v. Brown</u>, 479 F. Supp. 1247, 1251 n.7 (D. Md. 1979)).

Consistent with this view, the undersigned shares the Government's concern that many of the subpoenas in its possession appear to authorize "fishing expeditions." <u>See</u> <u>United States v. Sanchez</u>, No. 05-443, slip. op. at 4 (E.D. Cal. Jan. 9, 2007) ("Whenever a subpoena calls for 'all records regarding' a particular subject, 'including but not limited to' the described documents[,] it signals a fishing expedition."). This concern is heightened by Rule 17(c)(3)'s command that except in exceptional

circumstances victims receive notice when a party seeks production of their personal or confidential information "so that the victim can move to quash or modify the subpoena." Fed. R. Crim. P. 17(c)(3).

Despite these concerns, however, the court cannot grant the sweeping remedy requested by the Government, namely, a categorical bar against ex parte subpoenas duces tecum in this case.[3] Caselaw, the Advisory Committee's Notes, and the text of the Rule 17(c) itself indicate that the court must make an individualized, case-by-case determination as to whether the proponent of a Rule 17(c) subpoena has made a sufficient "showing of the need for confidentiality." Tomison, 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997); see, e.g., United States v. Daniels, 95 F. Supp. 2d 1160, 1163 (D. Kan. 2000) ("A determination of whether an ex parte application [under Rule 17(c)] is necessary must be evaluated on a case by case basis."); Reyes, 162 F.R.D. at 470 ("Under Rule 17(c), the Court exercises its discretion on a case-by-case basis to determine whether subpoenaed material should be deposited with the Court and whether this material should be disclosed to the adverse party.").

Therefore, to satisfy itself that the requirements of

---

[3] Specifically, the Government requests that the court (1) bar defendant from moving ex parte for early return subpoenas duces tecum; (2) order that any motion in this case be filed with the Clerk of the Court; (3) order that all orders issued in this case be filed with the Clerk of the Court and served on all parties; (4) order that any documents or things produced pursuant to Rule 17(c) be produced in Courtroom 5 for all parties to inspect; (5) vacate any ex parte orders for early return subpoenas duces tecum; and (6) order that any recipients of early return subpoenas duces tecum be notified of the instant motion and the court's Order. (Mot. Preclude 1.)

Rule 17(c)(3) and Nixon are met in this proceeding, the court will order that any ex parte application for early return subpoenas duces tecum in this case be made directly to the undersigned. If an ex parte application seeks the "production of personal or confidential information about a victim," the proponent must make a sufficient showing of "exceptional circumstances" to preclude notice to the victim or the Government. Fed. R. Crim. P. 17(c)(3). If the proponent fails to do so, the court will deny the application without prejudice to its filing as a noticed motion. In both ex parte and noticed proceedings, moreover, an early return subpoena duces tecum will only issue where the proponent satisfies the Nixon standards of relevance, admissibility, and specificity.

    IT IS THEREFORE ORDERED that the Government's motion to preclude defendant from obtaining ex parte Rule 17(c) subpoenas be, and the same hereby is, DENIED; and

    IT IS FURTHER ORDERED that any ex parte application for early return subpoenas duces tecum in this case be made directly to the undersigned and shall be consistent with this Order.

DATED: April 6, 2009

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE